## SANDFORD *et al. versus* HAYS.

ERROR to the Court of Common Pleas of *Erie county.*

This case came before the court below on case stated in an action by Caroline A. Hays against M. Sandford and H. Spencer, trading as M. Sandford & Co.

It was in substance this :—On the 1st of May 1862 the plaintiff deposited with the defendants, who were bankers, $625 in gold, and received a certificate as follows :—

"Banking and Exchange Office of M. Sandford & Co.,
"Erie, Pa., May 1st 1862.

"Mrs. Caroline A. Hays has deposited in this office six hundred and twenty-five dollars, gold. Payable to the order of herself, on surrender of this certificate, in like funds, with interest.

$625.                              "M. SANDFORD & Co."

*"Certificate of deposit."*

On the 31st of January 1863 the plaintiff demanded payment of the certificate in gold with interest, which the defendants refused to pay, but offered to pay in United States legal-tender notes, which the plaintiff refused.

"If the court be of opinion that the plaintiff was entitled to demand gold, or its market value in United States legal-tender notes, in payment of said certificate, then judgment to be entered for plaintiff for $625 and interest from May 1st 1862, with 50 per cent. premium added, with costs. If the court be of opinion that plaintiff was not entitled to demand gold, or its market value in United States legal-tender notes, in payment of said certificate,

[Sandford v. Hays.]

then judgment to be entered for $625, with interest from May 1st 1862 added, without costs."

The court below decided that the claim of the plaintiff was payable in gold, and entered judgment accordingly. The defendants took a writ of error.

*Spencer & Marvine*, for plaintiffs in error.—The word "gold" is the only one in the instrument describing a chattel or commodity. "Dollars" is used as describing *money*. The thing deposited and the terms of deposit are to be gathered from other words. Here it means money. The agreement was not to repay the very thing, but "like funds" with "interest," which is the sum "allowed for the loan or use of some other sum:" Whart. Dict. The agreement to pay interest manifests the nature of the transaction. Upon its delivery to the defendants it became their property. Their act had no reference to the legal-tender laws. The defendants have borrowed $625 in gold to be paid in gold; they have refused to pay. What is the amount of damages? the amount of debt and interest, for which alone the court can give judgment; and that is to be paid in the *lawful money* of the United States: Borie v. Troth, per Hare, J., 21 Leg. Int. No. 9.

Congress cannot in general vary a contract so as to make an agreement for paying in one thing, payable in another. But when the payment is to be in money, Congress may say how and at what rate the payment is to be made. A payment to be made in money, therefore, is to be taken to mean *lawful money*, and if agreed to be paid in silver dollars, it may be paid in gold coin, or other money made *lawful* by Congress. The power of the government over money is sovereign: Pardessus, Cours de Droit Com., No. 285; Troplong, Traité de la Vente, No. 163; Pothier Fr. du Cont. de Vente, No. 416; Case of Mixed Money, J. Davies R. 48; Shoenberger v. Watts, 1 Law Reg. N. S. 553. Congress has reduced the value of both the gold eagle and silver dollar.

These conclusions are drawn from the argument:—

1. What the law properly makes money is money, and the law neither makes nor allows to be made any distinction in the value of its various creations of the same nominal value.

2. The contract of the defendants was to be performed by the payment of $625 and interest, in gold coin, lawful money of the United States, upon demand.

3. The transaction between the parties was a loan of money for a time specified, with interest to pay for its use.

4. The loan, although by its terms limited to be paid in a particular description of lawful momey, could be paid at the option of the defendants in any other description of lawful money.

5. The defendants having properly tendered their debt, with

[Sandford *v.* Hays.]

interest, in lawful money, have fully met the conditions of their contract.

*Gunnison & McCreary,* for defendants in error.—Gold was deposited by the plaintiff with a promise to return it; without such promise it would not have been left. The defendants do not allege that they then intended to refuse to return like funds; both parties intended that it should be paid in gold. If the defendants can now pay in legal-tender notes, they could have done so immediately after the deposit, and thus take the amount of the premium from the plaintiff the moment the deposit was made.